UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LISA M. IASBARRONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 1:12-cv-230-NT |
| FIRST FINANCIAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

This case comes before the Court on Plaintiff Lisa M. Iasbarrone's motion for partial summary judgment (ECF No. 21) on Defendant First Financial Insurance Company's (FFIC) counterclaim for a declaration that it had no duty to defend or indemnify its insured, Samaritan, Inc., in the Plaintiff's lawsuit against Samaritan. Also before the Court is FFIC's cross-motion for summary judgment (ECF No. 25) on the Plaintiff's two-count complaint seeking to reach and apply proceeds of Samaritan's policy with FFIC and seeking attorney's fees from FFIC for breach of the duty to defend Samaritan. For the reasons discussed below, the Plaintiff's motion for partial summary judgment is **DENIED**, and the Defendant's cross-motion for summary judgment is **GRANTED**.

BACKGROUND

In November of 2011, the Plaintiff filed a complaint in the Penobscot County Superior Court against Samaritan and Herbert Lavoie asserting negligence and battery. According to the complaint, on November 29, 2009, Iasbarrone and her

mother were attempting to procure food from a food pantry operated by Samaritan when they were told by the operators that they were not eligible to receive food. Lavoie was an agent for Samaritan providing security services on the premises. Iasbarrone's state complaint alleged that, as she was attempting to reenter the premises, Lavoie grabbed her by the left wrist and pulled down, causing injuries to her wrist.

When Iasbarrone was injured, Samaritan was insured by FFIC under a commercial general liability policy. The policy excludes from its coverage "'bodily injury'":

> (2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person. . . . [or] (4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed . . . by any person . . . .

Baber Decl. Exh. D, at 47 (ECF No. 21-8).[1] On March 22, 2012, the Plaintiff and Samaritan settled the Plaintiff's lawsuit for $98,000 plus an assignment of Samaritan's rights against FFIC, and in return the Plaintiff released Samaritan

---

[1]     Both the Maine Law Court and the First Circuit following Maine law have applied substantially similar exclusions. In *Mallar v. Penn-America Ins. Co.*, 837 A.2d 133 (Me. 2003), the Law Court found that an insurer had no duty to indemnify a pub for a patron's claim for negligent infliction of emotional distress under a policy with an assault and battery exclusion. *Mallar*, 837 A.2d at 135. The patron witnessed another patron shoot and kill a bartender who had taunted that patron earlier in the evening. *Id.* The plaintiff was an innocent bystander and asserted that a proximate cause of his injury was the bartender's taunting. The Law Court found instead that witnessing the murder was "unquestionably the cause-in-fact of the plaintiff's injury." *Id.* Because this injury "resulted from" "assault and battery or physical altercations" that occurred on the insured's premises, the plaintiff's claim was excluded from coverage. *Id.* In *Eaton v. Penn-America Ins. Co.*, 626 F.3d 113, 115 (1st Cir. 2010), the plaintiff was inadvertently struck by a glass-and-aluminum door that had been kicked open by the bar's bouncer while the bouncer was ejecting another patron from the bar. *Id.* Again, because the policy excluded coverage for bodily injury "resulting from assault or battery or physical altercations," the insurance company was not required to indemnify the bar against the plaintiff's claims, and the plaintiff was unable to reach and apply the proceeds of the policy. *Id.*

from any personal liability for her injuries. FFIC disclaimed any duty to defend or indemnify Samaritan or Lavoie in the lawsuit.

The Plaintiff brought suit against FFIC to reach and apply the proceeds of Samaritan's policy, as well as to recover attorney's fees she claims FFIC owed Samaritan for failing to defend Samaritan in the underlying lawsuit. FFIC removed the complaint from Penobscot County Superior Court to this Court and filed a counterclaim requesting a declaratory judgment that it has no duty to defend or indemnify Samaritan.

## LEGAL STANDARD

In a duty-to-defend case where the parties have stipulated to the relevant complaint and policy at issue, the question before the Court becomes one purely of law, and it is unnecessary to employ much of the ordinary mechanics of a Rule 56 motion. *See Mitchell v. Allstate Ins. Co.*, 36 A.3d 876, 879 (Me. 2011). Where there are no material facts in dispute, summary judgment is appropriate if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## DISCUSSION

The duty to defend is broader than the duty to indemnify, and it depends not on whether the facts as alleged in the complaint come within the policy's coverage, but rather on whether "there is any *potential* that facts ultimately proved could result in coverage." *Mitchell*, 36 A.3d at 879 (citing *Penney v. Capitol City Transfer, Inc.*, 707 A.2d 387, 388 (Me. 1998)). "'[W]here the events giving rise to the complaint may be shown at trial to fall within the policy's coverage,' an insurer must provide

3

the policyholder with a defense." *Id.* (quoting *Auto Europe, LLC v. Conn. Indem. Co.,* 321 F.3d 60, 68 (1st Cir. 2003) (applying Maine Law)). "An insurer may have a duty to defend even against a complaint that could not survive a motion to dismiss." *Mitchell,* 36 A.3d at 879 (citation omitted).

FFIC argues that, because the complaint alleges that Lavoie "grabbed Plaintiff by the wrist and pulled down in an effort to prevent the Plaintiff from entering the property," the Plaintiff's claims could not possibly come within the policy's coverage. The Plaintiff claims that the trial evidence could have established that Lavoie did not grab her, but injured her as she pulled on a door to the premises while Lavoie inadvertently pushed on the door.

The Plaintiff relies on *Mitchell.* In *Mitchell*, the underlying complaint alleged that Mitchell conspired with a group of lobstermen to prevent the plaintiff, Ames, from lobstering in the waters off Matinicus Island. *Mitchell*, 36 A.3d at 877-78. Ames's complaint included a charge against Mitchell for conversion based on Mitchell's alleged participation in the "fisherman's group" that "destroyed, converted, molested and rendered useless" his lobster traps and fishing gear. *Id.* The policy excluded "property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person." *Id.* The Law Court held that "[b]ecause Ames could potentially establish a conversion resulting in property damage without proving that Mitchell *intended* to damage Ames's property, Ames's conversion claim could result in covered liability." *Id.* at 881 (emphasis in original) (internal citation omitted). The Law Court posited

4

that Ames could prove either that Mitchell converted the traps without destroying them or that he damaged them inadvertently.

The Plaintiff contends that here, like in *Mitchell*, facts may be proven at trial that do not come within any policy exclusion. But unlike in *Mitchell*, the Plaintiff is seeking to change the alleged actions themselves. The complaint alleges that Lavoie grabbed Iasbarrone's wrist to prevent her from entering the building after she had been turned away. As pled, this constitutes "bodily injury" "[a]rising in whole or in part out of . . . [a] physical confrontation." *See* Baber Decl. Exh. D at 47.

The Plaintiff attempts to introduce the possibility that there was no physical contact between herself and Lavoie by inserting a door into the narrative. But this fundamentally changes the allegations of the complaint. In the complaint, the Plaintiff claims that Lavoie's negligence was the "unreasonable amount of force" he applied to her wrist. She does not claim that Lavoie injured her by pulling a door closed. Unlike a plaintiff who does not know how her injury was caused, the conduct that injured Iasbarrone—a wrist grab—was known to her, and it was part of the short and plain statement of her claim. *Cf. Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 225 (Me. 1980) ("When, as in this case, the plaintiffs do not know all the facts, Rule 8(a) allows them to initiate the action by stating the facts that they do know. The plaintiffs are permitted to allege the harm they have suffered, along with broad conclusory allegations of 'negligence,' and, in the alternative, intentional acts.").

Because the allegations of the complaint fall entirely within the policy's assault/battery exclusion, FFIC had no duty to defend Samaritan or Lavoie. *See, e.g., Johnson v. Amica Mut. Ins. Co.*, 733 A.2d 977, 979-80 (Me. 1999) (finding no duty to defend); *see also Patio Pub, Inc. v. Great Am. E&S Ins. Co.*, 2011 Me. Super. LEXIS 30 at \*3-4 (Jan. 21, 2011). As the parties acknowledge, where there is no duty to defend, there is no duty to indemnify. Accordingly, FFIC is entitled to summary judgment on both counts of the complaint.

## CONCLUSION

For the reasons stated, the Plaintiff's motion for partial summary judgment is **DENIED** and the Defendant's motion for summary judgment is **GRANTED**.

**SO ORDERED**.

/s/ Nancy Torresen
United States District Judge

Dated this 20th day of June, 2013.

6